J-S30010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ELIAS PAGAN | : | |
| Appellant | : | No. 3060 EDA 2023 |

Appeal from the PCRA Order Entered November 1, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0408562-1998

BEFORE: OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY OLSON, J.: **FILED SEPTEMBER 16, 2025**

Appellant, Elias Pagan, appeals *pro se* from the November 1, 2023 order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA). 42 Pa.C.S.A. §§ 9541-46. We affirm.

A panel of this Court previously described the relevant facts and procedural history of this case as follows.

> On August 6, 1999, [Appellant] entered a negotiated guilty plea to first-degree murder and criminal conspiracy arising from the shooting death of the victim on September 10, 1997. That same day, the trial court sentenced [Appellant] to life without the possibility of parole for the murder conviction, and a five to [10]-year concurrent sentence for the criminal conspiracy conviction. [Appellant] did not file a direct appeal.
>
> The subsequent procedural history in this appeal is somewhat complicated by the fact that [Appellant] had three other murder

_____

[*] Retired Senior Judge assigned to the Superior Court.

charges pending at the same time he pled guilty in the instant matter. As the [previous] PCRA court explained:

> Upon review of the docket, it appears that [Appellant] was tried by a jury and convicted of a double murder under CP-51-CR-0311151-1998. [Appellant, at that time,] also had two open murder cases under CP-51-CR-0408551-1998, and CP-51-CR-0408562-1998 (the instant matter). Before proceeding to a penalty phase hearing on CR-0311151-1998, [Appellant, in order to avoid the death penalty, agreed to plead guilty and to waive his appellate rights in exchange for concurrent life sentences without the possibility of parole for the murders charged at both CR-0408551-1998 and CR-0408562-1998, together with concurrent sentences on the remaining offenses.] [Appellant] filed [a direct] appeal and three [PCRA] petitions on CR-0311151-1998, but filed nothing on the instant matter[, CR-0408562-1998,] until November 22, 2010. [At that time, Appellant filed a petition, seeking PCRA relief. The PCRA court dismissed Appellant's petition on December 7, 2018. This Court subsequently affirmed the PCRA court's order].

*Commonwealth v. Pagan*, 2019 WL 5581585, at *1 (Pa. Super. Oct. 29, 2019) (non-precedential decision) (citation omitted).

On August 20, 2022, Appellant filed the instant PCRA petition, his second. He subsequently filed an amended PCRA petition on September 29, 2022. In his petition, Appellant claimed that he recently discovered that the prosecutor, as well as almost "every detective that was involved in the investigation of [his] case" "are or were under investigation for dubious acts." Appellant's Amended PCRA Petition, 9/29/22, at *1-*2 (unpaginated). Based upon the foregoing, Appellant claimed that he was entitled to collateral relief.

On August 23, 2023, the PCRA court provided Appellant with notice that it intended to dismiss his petition in 20 days, without holding a hearing, as the petition was untimely. PCRA Court Notice, 8/23/23, at 1; *see also* Pa.R.Crim.P. 907(1). Appellant responded to the PCRA court's Rule 907 notice with an amended petition that expounded upon his original claims. *See* Appellant's Rule 907 Response, 10/6/23, at 1-6. More specifically, Appellant contended that his conviction was "one in the line of [the prosecutor's and detectives'] pattern and practice of [securing convictions] *via* misconduct." *Id.* at 3 (emphasis added). In addition, Appellant attached an affidavit to his Rule 907 Response in which an individual named Jonathan Hernandez averred that, "[o]n or about 1997," the detectives investigating the instant matter "disregarded" his claim that Appellant did not "orchestrat[e] the crimes for which he is convicted" and "attempted to coerce [him] to implicate [Appellant]." *Id.* The PCRA court ultimately dismissed Appellant's second PCRA petition on November 1, 2023. This timely appeal followed, in which Appellant asks us to consider whether the PCRA court erred in dismissing his PCRA petition. *See generally* Appellant's Brief.

"On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 723 (Pa. 2003). The issue of timeliness is dispositive in this appeal. "The timeliness requirement for PCRA petitions 'is mandatory and jurisdictional in nature.'" *Commonwealth v. Montgomery*, 181 A.3d 359, 365 (Pa. Super. 2018) (*en*

*banc*), *appeal denied*, 190 A.3d 1134 (Pa. 2018) (citation omitted). "The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa. Super. 2018) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence became final on September 6, 1999, at the expiration of the time for filing a direct appeal to this Court. Appellant, however, did not file the current PCRA petition until August 20, 2022, more than 23 years after his judgment of sentence became final. Accordingly, Appellant's PCRA petition is patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).  If an exception applies, a PCRA petition may be considered if it is filed "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Appellant herein argues that he satisfied both the newly-discovered fact and governmental interference exceptions to the PCRA's time-bar.  More specifically, Appellant contends that the new "fact" he discovered was that the prosecutor involved in his case, as well as the detectives involved in investigating the matter, were investigated for misconduct.  In addition, Appellant contends that the Commonwealth was aware of this fact and failed to disclose this information to Appellant and, in so doing, violated ***Brady v. Maryland,*** 373 U.S. 83 (1963).

This Court previously explained the newly-discovered fact exception as follows:

> The newly-discovered fact exception has two components, which must be alleged and proved.  Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

***Commonwealth v. Brown***, 141 A.3d 491, 500 (Pa. Super. 2016) (citation omitted).

In addition, our Supreme Court stated the following when discussing the governmental interference exception:

> Although a **Brady** violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence.

**Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008) (most internal citations omitted).

Appellant's efforts to invoke the new facts and government interference exceptions fail – and do so for related reasons. First, Appellant failed to demonstrate that the information upon which his claim is based, *i.e.*, that the prosecutor and detectives in this matter obtained his conviction *via* coercion and/or misconduct, was unknown and could not be ascertained with due diligence. To the contrary, in his September 29, 2022 submission, Appellant admitted that he was aware of the alleged misconduct before his trial. He stated:

> [Appellant,] before his trial[,] told counsel that witness[e]s[,] as well as [Appellant] suffered the dubious tactics employed by these detectives[. C]ounsel said he would bring the situation up with the prosecutor, which obviously [the prosecutor] was part of the problem, and as such the issue was never resolved.

Appellant's *Pro Se* Amended PCRA Petition, 9/29/22, at *2 (unpaginated). Hence, Appellant failed to plead and prove that the fact upon which his claim was predicated was previously unknown. Second, even if we were to believe

that Appellant only recently learned that the prosecutor and detectives in this matter were under investigation for misconduct, he utterly fails to explain why this information could not have been obtained earlier with the exercise of due diligence or how any alleged pre-trial investigatory misconduct frustrated the earlier presentation of this claim for collateral relief in a manner that violated the laws or constitutions of the United States or Pennsylvania. Hence, Appellant failed to shoulder his burden of proof regarding the governmental interference exception. *See Abu-Jamal*, 941 A.2d at 1270; *see also Commonwealth v. Nguyen*, 2022 WL 17973615, *1, *3 (Pa. Super. 2022) (non-precedential decision) (holding that the petitioner failed to plead and prove that the documents disclosing the "abuses in both the Philadelphia Police Department and the Philadelphia District Attorney's Office" satisfied the newly-discovered fact or governmental interferences exceptions to the PCRA's time-bar) (citation omitted). Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/16/2025